### CITY OF BOSTON *vs.* INHABITANTS OF DEDHAM.

The provision in *St.* 1793, *c.* 34, § 2, and Rev. Sts. *c.* 45, § 1, that a person shall gain a settlement in a town by " having an estate, the principal of which shall be set at $ 200, or the income at $ 12, in the valuation of estates, and being assessed for the same for the space of five years successively," applies to personal estate as well as to real.

When it is shown, in a suit against a town for the support of a pauper, that his personal property was set, in the valuation of the estates of the town, at the sum mentioned in *St.* 1793, *c.* 34, and Rev. Sts. *c.* 45, and that he was assessed for the same for five successive years, such town cannot avail itself of the objection that there was not, in the valuation, any such schedule or description of the property as is directed by statute.

ASSUMPSIT to recover expenses incurred by the plaintiffs in support of John B. Derby, a pauper. The only question in the case, viz. whether said Derby's legal settlement was in Dedham, was submitted to the court on the following facts agreed :

" About the year 1814, said Derby went to reside in Dedham, being then more than 21 years of age, and a citizen of this State, and there dwelt and had his home, for six years next ensuing ; and there was set to him, in the valuation of estates, for six years, including the year 1815 and five succeeding years, as personal property, five hundred dollars ; and he was taxed therefor accordingly, for the said six years. In the valuation, there was no designation of any items or articles of personal property, nor any schedule thereof, by which the kind or character of said personal property could be ascertained.

" Said Derby also occupied an office in Dedham, and was supposed to be the owner of it, for several years, and the same was set to him as real estate, in the valuation, and he was taxed for it, as follows ; to wit, in the years 1817 and 1818, at two

hundred dollars ; in 1819, one hundred and seventy-five dollars and in 1820, one hundred and seventy dollars. No other real estate was set to him, in the valuation, during the said six years."

It was agreed by the parties, that if said Derby, on the foregoing facts, acquired a legal settlement in the town of Dedham, judgment should be rendered for the plaintiffs ; otherwise, for the defendants.

*J. Pickering*, (City Solicitor,) for the plaintiffs.

*Richardson*, for the defendants.

DEWEY, J. If the defendants are chargeable with the expenses incurred in the support and maintenance of John B. Derby, they are so by reason of his having acquired a legal settlement in Dedham, under the provision in *St.* 1793, *c.* 34, § 2, clause 5th, which is in these words : " Any person of twenty-one years of age, being a citizen of this or any of the United States, having an estate, the principal of which shall be set at sixty pounds, or the income at three pounds twelve shillings, in the valuation of estates made by the assessors, and being assessed for the same to State, county, town or district taxes, for the space of five years successively, in the town or district where he dwells and has his home, shall thereby gain a settlement therein." A similar provision is found in Rev. Sts. *c.* 45, § 1, clause 5th.

The question, under the facts agreed by the parties, is brought to the single point, whether the fact, that there was set to Derby, in the valuation of estates made by the assessors of Dedham, for the year 1815 and each of the five succeeding years, the sum of five hundred dollars for *personal property* generally, and without any schedule indicating the kind of personal property, and that a tax was, in each of said years, assessed agreeably to said valuation, be sufficient to bring the case within the statute. The leading and most prominent objection taken by the defendants is, that the term " estate," as used in the statute cited, .neans exclusively *real estate*, and that a valuation and assessment upon personal property do not bring a case within the statute. This, in our opinion, is too restricted a definition of

the term "estate." The term is of very broad and exten-
sive application, and clearly comprehends personal as well as
real estate ; and we think the position assumed in the argument
for the plaintiffs — that whenever legal enactments are intended
to apply exclusively to one or the other of these different species
of property, the statutes use the proper qualifying words " per-
sonal " or " real " estate, as the case may require — is fully
sustained. Thus it will be found in Rev. Sts. c. 7, § 4, and in
other parts of the same chapter, regulating the subject of taxa
tion, and distinguishing property into real and personal estate.
Rev. Sts. c. 62, § 5, giving every person of full age and sound
mind the right to dispose, by his last will and testament, of all
his personal estate ; c. 61, § 6, regulating advancements ; and
c. 67, regulating the liabilities of executors and administrators ;
all furnish instances of the same kind.

The argument drawn from the language of the constitution of
Massachusetts, c. 1, §§ 2, 3, prescribing the qualifications of
voters, is still stronger. To entitle one to exercise the right of
suffrage, a person was required to have either a freehold estate
within the same town, of the annual income of three pounds, or
any estate of the value of sixty pounds. Nobody has supposed
that the right of suffrage, under these provisions of the consti-
tution, was restricted to the owners of real estate ; and the set-
tled construction and practice have been to extend the term
estate, thus used in the constitution, to personal property. And
we think the same rule applies to the term estate, as used in the
statutes respecting the settlement of paupers. The principle,
upon which the law rests, leads to this construction. It is the
having taxable property, subject to assessment, for five years,
and being assessed for the same in common with the other prop-
erty subject to an assessment, and thus sharing in the burden
of taxation, that raises the liability of the town, thus benefited by
the property held by one of its citizens, to furnish his main-
tenance and support, if he afterwards becomes a pauper. But
under the construction contended for by the defendants, the
assessment of a tax for five years upon personal property,
however large and however beneficial to the town in the way of

contribution to the common burden, would not operate to confer a settlement. We think, therefore, that the word "estate," as used in the statute cited, comprehends personal as well as real property.

It was further objected, that there was no schedule or designation of the species of personal property borne on the valuation, as required by the statutes on that subject. But this objection cannot prevail ; because, for aught that appears, the party assessed may have furnished no list of his estate ; or the assessors may have had no means of making such schedule, or specification ; in which case, the statute only requires the assessors to make an estimate thereof, which estimate is to be entered in the valuation. *St.* 1785, *c.* 50, § 9. Rev. Sts. *c.* 7. §§ 23, 24.

*Judgment for the plaintiffs.*